FILED

2017 Feb-20  PM 05:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | |
| **Plaintiff,** | ) ) | **Civil Action No.** |
| **v.** | ) ) | **4:16-CV-01848-VEH** |
| | ) ) | |
| **LABOR SOLUTIONS OF AL, LLC f/k/a EAST COAST LABOR SOLUTIONS, LLC** | ) ) ) ) | |
| | ) ) | |
| **Defendant.** | ) | |

## EEOC'S MEMORANDUM BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

## I.  INTRODUCTION

EEOC's Complaint sufficiently pleads plausible facts to support liability of

the Defendant, Labor Solutions of AL, LLC, as a closely-related enterprise of East

Coast Labor Solutions, for purposes of Defendant's Motion to Dismiss. The EEOC

alleges Defendant's owner operates multiple businesses in West Virginia, all

sharing the same managing officer, principal office address, and company email

account.[1] The Complaint, by alleging Labor Solutions of AL, LLC was formerly

---

[1] The West Virginia Secretary of State's website, *http://apps.sos.wv.gov/business/corporations/*, lists multiple business names under the ownership or operation of Paris Wiley. These businesses

known as East Coast, clearly identified Labor Solutions of AL, LLC as the surviving entity and continuation of East Coast Labor Solutions. All administrative remedies to suit were exhausted as to these related enterprises.  Moreover, the Court has subject matter jurisdiction in this case based on federal question jurisdiction, and naming East Coast Labor Solutions in the EEOC charge sufficiently named and put on notice all entities. Ultimately, the issue raised by Defendant is factual and more appropriately addressed at a later stage in the litigation.  Thus, this Court should deny Defendant's Motion to Dismiss.

## II.  RELEVANT FACTS

The facts alleged in EEOC's complaint, which must be taken as true and read in the light most favorable to EEOC, reveal the following: East Coast Labor Solutions, LLC ("East Coast"), Labor Solutions of AL ("Labor Solutions"), and a third entity, Labor Solutions LLC share the same managing officers, principal office address, and company email accounts. (Doc 1, ¶14).  Paris Wiley's four business entities listed on the West Virginia Secretary of States' Business Records website include the same principal office address of 9777 Seneca Trail, Lewisburg, West Virginia, 24901. East Coast never registered to do business in Alabama and terminated in November 2013. (*Id.*¶13). Labor Solutions is temporary staffing firm

---

include East Coast Labor Solutions, LLC; East Coast Labor Solutions of West Virginia;Labor Solutions of AL, LLC; and Labor Solutions LLC. Although the Secretary of State's website lists four entities for Paris Wiley, EEOC's Complaint does not reference East Coast Labor Solutions of West Virginia.

that was incorporated in West Virginia in October 2014, never registered to do business in Alabama and remains active (Id. 14).  Labor Solutions was formed to assume the business operations previously performed by East Coast, and has continuously conducted business in the State of Alabama since 2014. ( Id. ¶ 5).

East Coast recruited workers, including Charging Parties and Claimants, to work at Pilgrim's Pride in Guntersville, Alabama. (*Id*.¶16).  The Complaint alleges that since at least June 2008, Defendant Labor Solutions and East Coast have engaged in unlawful employment practices at the Guntersville facility by subjecting Charging Parties and Claimants to disparate treatment on the basis of national origin and failure to accommodate their disabilities[2]. (*Id*. ¶¶13, 19 and 23).

Prior to filing its complaint, EEOC sent each Notice of Charge of Discrimination to East Coast Labor Solutions, LLC, to the "President of East Coast Labor Solutions, LLC",  "P.R. Wiley, Human Resources Executive", or to "Cindy O'Neil, Officer Manager". East Coast also received a determination letter and an invitation to conciliate from EEOC. EEOC copied East Coast's attorneys from Seyfarth Shaw LLP—Mr. Maatman and Ms. Palamountain—on these documents sent while East Coast conducted business under that name. Thereafter, with full

---

[2] The specific allegations that form the basis for the EEOC's claims of disparate treatment against Defendant are included in the EEOC's Complaint. *See* Doc 1, at *¶ 16-19*.

knowledge of the charges of discrimination against East Coast, Labor Solutons continued the business operations of East Coast as a successor corporation.

## III.  ARGUMENT

### A. The  Complaint Alleges Sufficient Plausible Facts for Purpose of Rule 12(b)(6)

Motions to dismiss for failure to state a claim under Rule 12(b)(6) are viewed with disfavor and are rarely granted. *DePaola v. Nissan N. Am., Inc.*, No. 1:04CV267, 2006 WL 1181131, at *1–2 (M.D. Ala. May 2, 2006) (citing *Brooks v. Blue Cross & Blue Shield of Florida,* 116 F.3d 1364, 1369 (11th Cir.1997) (per curiam)). A motion to dismiss tests only the formal sufficiency of the plaintiff's statement of its claims and cannot be used to resolve factual issues or the merits of the case. *See Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). For purposes of a 12(b)(6) motion to dismiss, " a judge must accept as true all of the factual allegations contained in the complaint."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

#### i.    *The EEOC's Complaint Contains Sufficient Plausible Facts*

A plaintiff need not allege specific facts establishing a *prima facie* claim of employment discrimination but simply must comply with Fed. R. Civ. P. 8(a). *See Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002). A complaint need only contain: "(1) a short and plain statement of the grounds upon which the court's

jurisdiction depends..., (2) a short and plain statement of the claim showing that Plaintiff is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." *Fed. R. Civ. P.* 8(a). Under Rule 8(e), "[e]ach averment of a pleading shall be simple, concise, and direct." *Fed. R. Civ. P.* 8(e)(1). These requirements ensure that the complaint "'give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Swierkiewicz,* 534 U.S. at 512.

The Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) did not change the standard articulated in *Swierkiewicz*. The gravamen of *Twombly* is "plausibility": a plaintiff must set forth in the complaint "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. Further supporting the conclusion that the Supreme Court did not announce a new pleading standard in *Twombly* is the Court's *per curiam* decision in *Erickson v. Pardus*, 551 U.S. 89 (2007).[3]

The Court in *Iqbal* stated that a claim is "plausible" when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Here, the EEOC has met the plausibility standard by identifying the two related entities

---

[3] Decided two weeks after the Court handed down *Twombly, Erickson* cited *Twombly* for the proposition that a plaintiff need not offer "specific facts" to support a claim. *Erickson*, 551 U.S. at 93.

and alleging they share the same managing officers, principal office address, and company email accounts. A court can reasonably infer that Paris Wiley, the owner of East Coast Labor Solutions, closed that business (perhaps after receiving EEOC Charges of Discrimination) and continued to operate under other business names, including Labor Solutions of AL.

### ii. Plaintiff Has Alleged Plausible Facts to Infer Successor Liability

In *In re National Airlines, Inc.*, 700 F.2d 695 (11th Cir. 1983), the Eleventh Circuit held that a successor corporation can be held responsible for the Title VII violations of a predecessor corporation, and that such determination is made by balancing the interests of the employees, the employer, and labor law policy generally. *Id.* at 698. In making this determination, courts consider the following factors: (1) whether the successor employer had prior notice of the claim against the predecessor; (2) whether the predecessor is able, or was able prior to the purchase, to provide the relief requested; and (3) whether there has been sufficient continuity in the business operations of the predecessor and the successor to justify imposition of liability. *Id.; Desporte-Bryan v. Bank of America*, 147 F.Supp.2d 1356, 1362 (S.D. Fla. 2001).

Here, EEOC alleged facts in support of each element of the claim for successor liability including but not limited to: both Labor Solutions and East Coast share the same member, business address and email address, and the EEOC

6

Charges were served on East Coast, which responded to the Charges and participated in conciliation.  Additionally, East Coast cannot provide relief because it no longer exists according to the West Virginia Secretary of State's website.  See *http://apps.sos.wv.gov/business/corporations/* last visited on February 14, 2017. Finally, Labor Solutions was formed to assume the business operation previously performed by East Coast, and has continuously conducted business in the State of Alabama since 2014.[4]

Defendant incorrectly relies upon *Desporte-Bryan v. Bank of Am.*, for the proposition that a complaint referring to one company as "formerly known as" is not sufficient to impose successor liability because it is a legal conclusion. 147 F. Supp. 2d 1356, 1364 (S.D. Fla. 2001). First, D*esport-Bryan* is factually distinguishable, as the facts were undisputed that the defendant company did not have notice of the claims against the successor corporation. *See Desport-Bryan,*

---

[4] Further, EEOC's factual allegations are significantly more detailed than what is required under Eleventh Circuit precedent. For instance, in *Centimark Corp. v. A to Z Coatings & Sons, Inc.*, 288 Fed. Appx. 610 (11th Cir. 2008), the Eleventh Circuit Court of Appeals held that the plaintiff's amended complaint gave sufficient notice of a claim for successor liability by alleging the following: "'A to Z [Florida] is the alter ego of A to Z [Georgia] as it [is] a mere continuation of the business of the latter,' and that A to Z Florida and A to Z Georgia have common shareholders." *Id.* at n.11. Likewise, district courts in the Eleventh Circuit have similarly denied motions to dismiss where the complaint included far less factual allegations than present here. *See United Credit Recovery, LLC v. Bexten*, No. 6:11-cv-1714-Orl-31KRS, 2012 WL 3854536, *5-6 (M.D. Fla. Sept. 5, 2012) ("[I]n Count II, Bexten asserts that World Recovery is "a mere continuation" of Imperial. Accordingly, Bexten has stated a claim for successor liability against World Recovery on the Imperial-Bexten Contract. Count II will not be dismissed."); *Mana Internet Solutions, Inc. v. Internet Billing Co., LLC.*, No. 06-61515-CIV-COOKE/BROWN, 2007 WL 1455973, *2 (S.D. Fla. May 16, 2007) (holding that plaintiff sufficiently alleged successor liability where complaint states: "Plaintiff is informed and believes that IBD subsequently took control of [IBC] and has taken responsibility for ensuring that [IBC's] debts are paid, including the offering of settlements to its customers."); *Meier v. Provima, Inc.*, No. 8:06-cv-336-T-24 TBM, 2006 WL 3876371, *1-2 (M.D. Fla. May 11, 2006) (denying motion to dismiss where plaintiff alleged that defendant "became the successor in interest through merger or acquisition"). Accordingly, EEOC has set forth more than sufficient allegations to withstand a Rule 12(b)(6) motion to dismiss.

147 F. Supp. 2d at 1364. The Court relied on that undisputed fact in order to make its determination at the motion to dismiss stage of the litigation.  A more analogous case is In *Kuhns Bros. v. Fushi Int'l, Inc.*, No. 3:06CV1917 PCD, 2007 WL 2071622, at *9 (D. Conn. July 16, 2007). In this case, the court denied defendant's Motion to Dismiss where plaintiff alleged that defendant was formerly known under another company name. The court accepted this allegation as true, and that allegation, combined with the evidence provided to show that defendant is a successor corporation, indicated that plaintiffs had standing.  *Id.* at *8. Ultimately, the court in *Kuhns Bros.* held that the question of whether the defendant is actually a successor in interest is a question of fact and need not be resolved at this stage of the litigation. *Id.*

   As the holding in *Kuhn* demonstrates, the appropriate time to determine whether Defendant is a successor in interest is after discovery.  At the pleading stage, the EEOC need not provide evidence that East Coast had timely notice, it must merely "state a claim . . . that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The EEOC supported its allegation of ECLS's timely notice with the allegations that "Labor Solutions of AL was formed to assume the business operations previously performed by East Coast, and has continuously conducted business in the State of Alabama since 2014." Thus,

EEOC has plausibly alleged that by virtue of continuing operations of East Coast, Defendant acquired notice of the Charging Parties' pending discrimination allegations.

Further, nowhere in Defendant's brief does it state that it did not receive timely notice of the Claimants' charges.  Defendant merely alleges that Labor Solution should have been named in the Claimants' EEOC charges. ECLS did not attach an affidavit or declaration from its corporate representative denying that it had timely notice of the Claimants' charges. Indeed, if it were true that East Coast was in fact unaware of the charge, one would expect the company to firmly deny that it had notice in its Motion. Its failure to do so further support its motion should be denied and that discovery is warranted.

### B. The Court Has Subject Matter Jurisdiction over Plaintiff's Claims

Defendant also alleges the Court lacks subject matter jurisdiction under Rule 12(b)(1). Defendant is wrong for several reasons.

### i. The Court has federal question jurisdiction

First, the Court has federal question jurisdiction over *all* of EEOC's claims raised in the Complaint, as each claim arises under Title VII or the ADA. 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). 42 U.S.C. § 2000e-5(f)(3) ("Each United States district court … shall have jurisdiction

of actions brought under this subchapter."). *Arbaugh v. Y&H Corp*, 546 U.S. 500, 513 (2006) (holding that a plaintiff properly invokes federal question jurisdiction under 28 U.S.C. § 1331 when he pleads a colorable claim "arising under" the Constitution or laws of the United States).[5]

### ii. The EEOC has adequately pled jurisdiction

Second, the Court need not, at the commencement of the litigation, determine jurisdictional issues. "Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy." *Whitson*, 41 F. Supp. 2d at 1297–300 (The court should retain subject-matter jurisdiction so long as "the alleged claim under the Constitution or federal statutes [is not] clearly ... immaterial and made solely for the purpose of obtaining  jurisdiction or ... wholly insubstantial and frivolous." *Bell v. Hood,* 327 U.S. 682, 682–683 (1946). Where jurisdiction and merits are intertwined, a party may establish jurisdiction "at the outset of a case by means of a nonfrivolous assertion of jurisdictional elements." *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.,* 513 U.S. 527, 537 (1995).

### iii. Determination of the issue is premature

---

[5] Related company liability is not an independent claim, but simply an equitable tool to transfer liability from one company to another where equity demands it. *See Coffman v. Chugach Support Svcs., Inc.*, 411 F.3d 1231, 1238 (11th Cir.2005). *See also In re Fairchild Aircraft Corp.,* 184 B.R. 910, 920 (Bankr.W.D.Tex.1995) (successor liability does not create a new cause of action against the successor independent of the underlying tort).

Third, a decision on this fact-specific inquiry at this stage of the litigation would be premature, and significantly prejudicial to EEOC. In the Eleventh Circuit, a determination as to successor liability is routinely made at the summary judgment stage. *See Meier v. Provima, Inc.*, No. 8:06CV336 T24TBM, 2006 WL 3876371, at *1,2 (M.D. Fla. May 11, 2006) ("Furthermore, the Court notes that whether successor liability can be imposed is a fact specific inquiry that should not be resolved on a motion to dismiss….Only after the parties have performed discovery can the Court fully examine the relationship of the companies and the circumstances surrounding the acquisition and merger."); *In re National Airlines*, *Inc.*, 700 F.2d 695 (11th Cir. 1983) ("In conclusion, we emphasize that successor liability balancing is a highly fact oriented task."). Indeed, this issue goes to the merits of EEOC's claims. *See Morrison v. Amway Corp.*, 323 F.3d 920, 929-30 (11th Cir. 2003) (holding that where a jurisdictional attack implicates the merits of the underlying claim, the district court should find that jurisdiction exists and deal with the objection at summary judgment). The EEOC respectfully requests an opportunity to conduct discovery before the Court reaches the merits of this issue. *See Rance v. D.R. Horton, Inc.*, 316 Fed. Appx. 860, 862 (11th Cir. 2008) ("In a factual challenge, the district court must provide the plaintiff with an opportunity for discovery.").

### iv. EEOC fulfilled the administrative prerequisites to suit

Finally, Labor Solutions incorrectly argues EEOC did not exhaust its administrative remedies against it.  Defendant is not entitled to dismissal because it had notice of the EEOC charge and an opportunity to participate in the EEOC process.

This principle is so well-established that it has been referred to as the "actual notice exception." *See Burrell v. Truman Medical Center, Inc.*, 721 F. Supp. 230, 233-34 (W.D. Mo. 1989); *Romaine v. Kurek*, 836 F.2d 241, 245 (6th Cir. 1987) (excusing failure to name a defendant in the charge where "the unnamed party has been provided with adequate notice of the charge under circumstances which afford him an opportunity to participate in conciliation proceedings aimed at voluntary compliance"); *Greenwood v. Ross*, 778 F.2d 448, 451 (8th Cir.1985)(stating in dictum "[t]he filing of an EEOC charge is unnecessary where an unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance."). Under this exception, a defendant will not be dismissed from a suit if it had adequate notice of the charge filed with the EEOC and an opportunity to participate in the EEOC proceedings. *Id.*

This rule is consistent with and furthers the purposes of Title VII. In *Alvarado v. Board of Trustees of Montgomery Community College*, 848 F.2d 457 (4th Cir. 1988), the Court recognized that Title VII's naming requirement "is designed to provide notice [of the claimed violation] to the charged party and to permit the EEOC to permit voluntary conciliation of complaints." *Id.* at 460.  The Court noted that the college, "and therefore the board in its official capacity, was fully represented by counsel at all administrative and court proceedings." *Id.*  The Court "perceive[d] absolutely no functional difference between the notice and participation afforded by naming the college in the administrative complaint and what would have been afforded had the board been named instead," and permitted the suit against the board to proceed despite the absence of its name from the charge filed with the Commission. *Id.*

The instant case is like *Whitson v. Staff Acquisition, Inc.,* 41 F. Supp. 2d at 1294.  In *Whitson*, defendants had a sufficiently-close relationship to receive notice of the EEOC investigation, and the court held that an administrative charge against one defendant provided sufficient notice to another defendant, when the two are closely related entities. *Id.* at 1297–300 (M.D. Ala. 1999). East Coast and Labor Solutions share the same managing officers, principal office address, and company email accounts. Additionally, the same law firm represented both East Coast and Labor Solutions during the EEOC charge process. Further, Defendant could not

have been named in the charge because it did not yet exist at that time nor even at the time that the LOD was issued.Although a defendant is normally required to be named in the EEOC charge, "'hypertechnical compliance' with the filing requirements of Title VII [is not required] because lay persons often file EEOC charges without consulting lawyers." *Whitson*, 41 F. Supp. 2d at 1299; *DiGiro,* 993 F. Supp. at 1474. So long as the "purposes of the Act are fulfilled, a party unnamed in the EEOC charge may be subject to the jurisdiction of the federal courts." *Whitson*, at 1299; *Virgo,* 30 F.3d at 1358–1359. Courts do not apply a rigid test to determine whether the purposes of Title VII are met, but instead: "look to several factors including: (1) the similarity of interest between the named party and the unnamed party; (2) whether the plaintiff could have ascertained the identity of the unnamed party at the time the EEOC charge was filed; (3) whether the unnamed parties received adequate notice of the charges; (4) whether the unnamed parties had an adequate opportunity to participate in the reconciliation process; and (5) whether the unnamed party actually was prejudiced by its exclusion from the EEOC proceedings." *Virgo*, 30 F.3d at 1359.

Here, the Court should deny Defendant's Motion to Dismiss because Labor Solutions had notice of the EEOC charge, investigation, final determinations and conciliation.  Specifically, the same person, Paris Wiley, owns and operates both Labor Solutions and East Coast, the entity named in the EEOC Charge.  As stated

above, both entities share a principal office address and business email account. The Court should deny Defendant's Motion to Dismiss and provide the parties an opportunity to uncover facts sufficient to support or refute liability.

### C. <u>Alternatively, the Court Should Grant  EEOC Leave to Amend its Complaint</u>

Alternatively, if the Court should find the allegations insufficient, EEOC requests leave to amend pursuant to Fed.R.Civ.P. 15(a). Leave to amend pleadings should be given freely when justice so requires. Fed. R. Civ. P. 15(a)(2). Even when a complaint fails to adequately state a claim, the plaintiff should generally be given at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999); *citing Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir.1991).

## IV.  CONCLUSION

For the reasons stated above, this Court should deny Defendant's Motion to Dismiss.  In the alternative, EEOC requests an opportunity to amend its Complaint.


Dated : February 20, 2017.

Respectfully submitted,

/s/ KURT S. FISCHER
Trial Attorney
(AL Bar No.: ASB-9772-R72F)
205-212-2044
kurt.fischer@eeoc.gov

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, Alabama 35205
Telephone: (205) 212-2045
Facsimile: (205) 212-2041

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2017, I filed the foregoing with the Clerk of the Court using the CM/ECF system which will electronically send notification of the filing to all attorneys of record.

/s/Marsha L. Rucker__
Marsha L. Rucker