FILED
2017 Feb-27 PM 04:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**MIDDLE DIVISION**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

v.

LABOR SOLUTIONS OF AL, LLC f/k/a EAST COAST LABOR SOLUTIONS, LLC,

Defendant.

Civil Action No. 4:16-cv-01848-SGC

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

In an attempt to dodge dismissal of its Complaint, the EEOC mistakenly argues that it has successfully pleaded successor liability and that Defendant Labor Solutions of AL, LLC ("Labor Solutions of AL") had notice of Claimants' EEOC charges. The EEOC's argument is largely based on the allegation that Labor Solutions of AL and East Coast Labor Solutions, LLC ("East Coast") shared a managing officer, office address, and email account. (EEOC's Response ("Resp.") at 1, 2, 6-7, 13, 15). No legal authority supports that this is enough to establish an employer relationship or notice. Indeed, if the Court were to accept the EEOC's reasoning, any company would be on notice of an administrative charge and liable under a successor liability theory simply because the company shared a managing

officer, office address, and email account as the company to whom the charge was filed against.

Rather, the factual allegations and legal authority show that the Complaint should be dismissed under Fed. R. Civ. P. 12(b)(1), or, alternatively, Fed. R. Civ. P. 12(b)(6) because Labor Solutions of AL indisputably did not employ Claimants and Claimants failed to exhaust their administrative remedies with respect to Labor Solutions of AL. Critically, the admitted eleven-month gap between the termination of East Coast's operations and Labor Solutions of AL's incorporation demonstrates a lack of continuity between the two companies. Furthermore, the EEOC's failure to include Labor Solutions of AL in the investigation and conciliation process -- even though Labor Solutions of AL was incorporated as of that time -- demonstrates that the purposes of Title VII and the ADA would not be served by allowing the EEOC to pursue a dilatory claim against Labor Solutions of AL.

## ARGUMENT

### I. The Complaint Should Be Dismissed Under Rule 12(b)(1) Or, Alternatively Under 12(b)(6), Because The EEOC Has Failed To Establish That The Claimants Were Employed By Labor Solutions of AL.

#### A. Subject Matter Jurisdiction Does Not Exist Because No Employment Relationship Exists

The EEOC argues that subject matter jurisdiction exists because the Court has federal question jurisdiction given that each claim arises under Title VII or the ADA. (Resp. at 9). Labor Solutions of AL agrees that courts have federal question jurisdiction for Title VII and ADA claims. The fault in the EEOC's Complaint lies in the fact that on behalf of the Claimants, the EEOC has not alleged any facts that *trigger* Title VII or ADA liability with respect to Labor Solutions of AL. (Memorandum ("Memo.") at 6-10). The Complaint simply fails to allege any facts demonstrating that Labor Solutions of AL employed Claimants.

The EEOC attempts to skirt this issue by arguing that the Court need not determine jurisdictional issues at the commencement of litigation. (Resp. at 10-11). But as the EEOC's own cases illustrate, the EEOC has the burden of showing by a preponderance of the evidence that subject matter jurisdiction exists. (*Id.* at 13-14); *Whitson v. Staff Acquisition, Inc.*, 41 F. Supp. 2d 1294, 1295-96 (M.D. Ala. Jan. 27, 1999) ("[t]he burden of establishing a federal court's subject-matter jurisdiction, once challenged, rests on the party asserting jurisdiction").

The plaintiff in *Whitson* pleaded that the defendants whom she did not file charges against provided her with benefits forms and were identified as employers during her unemployment hearing. *Whitson*, 41 F. Supp. 2d at 1299-300. The Complaint here has not and cannot include such allegations. Instead, the factual allegations relating to Claimants' employment involve East Coast -- not Labor

Solutions of AL. (Memo. at 7). Since the facts in the Complaint are "wholly insubstantial" to establish that Labor Solutions of AL employed Claimants, *Bell v. Hood*, 327 U.S. 682, 682-83 (1946), the Complaint should be dismissed for lack of subject matter jurisdiction or, alternatively, failure to state a claim. (Memo. at 8).

**B. The Complaint Does Not Allege Sufficient Facts Establishing Successor Liability**

The EEOC also argues that it is premature for the Court to resolve any factual disputes as to whether Labor Solutions of AL can be liable under the theory of successor liability. (Resp. at 8, 10-11).[1] The EEOC misses the point. Labor Solutions of AL has not challenged any factual allegations of successor liability in the Complaint. (Resp. at 11). That is because no such factual allegations exist. (Memo. at 9). The Complaint and even the EEOC's response is devoid of any facts supporting key elements of successor liability, *i.e.*, whether East Coast is able, or was able to prior to purchase, to provide the relief requested or that there was a sufficient continuity in the business operations of East Coast and Labor Solutions of AL. *Desporte-Bryan v. Bank of Am.*, 147 F. Supp. 2d 1356, 1361-62

[1] The EEOC ignores Labor Solutions of AL's argument that Labor Solutions of AL and East Coast cannot be considered joint employers. (Memo. at 8-9). Accordingly, any claim that a joint employer relationship exists has been waived. *Schwarz v. Bd. or Supervisors*, No. 16-11122, 2017 U.S. App. LEXIS 498, at *5 (11th Cir. Jan. 11, 2017) (confirming that plaintiffs waived claims based on their failure to respond to arguments in their response brief).

(S.D. Fla. 2001).[2] The EEOC's factual allegation that Labor Solutions of AL was incorporated *almost a year* after East Coast closed eliminates any argument of continuity. (Memo. at 12).

The EEOC primarily argues that successor liability can exist simply because Labor Solutions of AL and East Coast shared the same managing officers, office address, and email accounts. (Resp. at 1-2, 5-7). That argument is not enough. *Dybala v. Landau & Heyman*, No. 94 C 7719, 1997 U.S. Dist. LEXIS 3773, at *5, 19 (N.D. Ill. Mar. 27, 1997) (holding no successor liability existed even though plaintiff argued that the two companies at issue shared the same shareholders, directors, officers, and employees).

The EEOC also suggests that it is "reasonable to infer that [] the owner of East Coast [], closed that business (perhaps after receiving EEOC Charges of Discrimination) and continued to operate under other business names, including Labor Solutions of AL" and that "Labor Solutions was formed to assume the business operation previously performed by East Coast." (Resp. at 6, 8-9). This fiction is both unsupported and inadmissible. (Memo. at 9, 12). The EEOC has also failed to explain why the fact that the Charges were served on *East Coast*, which responded to the Charges and participated in conciliation, provides support

---

[2] The EEOC's attempt to distinguish *Desporte-Bryan* is baseless. (Resp. at 6-7). Like the plaintiff in *Desporte-Bryan*, the EEOC has failed to point to any facts or allegations demonstrating that Labor Solutions of AL had notice of the claims against East Coast. 147 F. Supp. 2d at 1364.

for its claim that *Labor Solutions of AL* can be liable as a successor. (Resp. at 6-7). Nor does the EEOC explain how the termination of East Coast's operations and its factual allegation that Labor Solutions of AL has conducted business in Alabama since 2014 supports its position. (*Id.* at 7).

The EEOC's reliance on *Kuhns Bros. v. Fushi Int'l*, No. 3:06-CV-1917 PCD, 2007 WL 2071622, at *9 (D. Conn. July 16, 2007), is equally misplaced. (Resp. at 8). As the EEOC notes, in *Kuhns Bros.*, the court determined that the plaintiff's claims could survive a motion to dismiss because the complaint alleged that the defendant was formerly known as another name and *other evidence demonstrated that the defendant was a successor corporation*. 2007 WL 2071622, at *5. Here, the EEOC has not provided any viable basis supporting its successor liability claim.[3] Given the absence of any allegations supporting the EEOC's successor liability theory, the Complaint should be dismissed.[4]

---

[3] Labor Solutions of AL has moved to dismiss the Complaint solely on the pleadings. Thus, despite the EEOC's claim, any usage of declarations or affidavits or reliance on facts outside the pleadings would have been inappropriate. (Resp. at 9; Memo. at 5-6).

[4] Unlike the complaints in *Meier v. Provima, Inc.*, No. 8:06-CV-336-T24TBM, 2006 WL 3876371, at *1 (M.D. Fla. May 11, 2006), and *Morrison v. Amway Corp.*, 323 F.3d 920, 922 (11th Cir. 2003), the Complaint does not contain any facts suggesting or explicitly alleging successor liability. (Resp. at 11; Memo. at 9). At best, the Complaint contains nothing more than unsupported and vague assertions regarding such. (Memo. at 9). Moreover, *In Re Nat'l Airlines, Inc.*, 700 F.2d 695 (11th Cir. 1983), and *Rance v. D.R. Horton, Inc.*, 316 Fed. App'x 860 (11th Cir. 2008), do not address successor liability arguments at the motion to dismiss stage, and are therefore inapplicable.

**B. <u>The EEOC Has Failed To Establish That Claimants Exhausted Their Administrative Remedies Against Labor Solutions Of AL</u>**

The EEOC concedes that Claimants failed to file a charge against Labor Solutions of AL. Instead, the EEOC argues that Labor Solutions of AL had notice of the charges and an opportunity to participate in the EEOC process. (Resp. at 12). In support, the EEOC again incorrectly claims -- without any legal support -- that the simple allegation that Labor Solutions of AL and East Coast shared managing officers, an office address, and company email accounts demonstrates that Labor Solutions of AL had notice of the charge. (Resp. at 13-15); *Waltz v. Dunning*, No. 2:13-CV-00517-JEO, 2014 U.S. Dist. LEXIS 178660, at *13, 15-16 (N.D. Ala. Dec. 31, 2014) (ruling defendant did not have notice of claims even though defendant and former employer shared same CEO who knew about charge against former employer). Likewise, the EEOC has provided no support for its claim that "the same law firm represented both East Coast and Labor Solutions during the EEOC charge process," nor has it explained why such alleged representation is relevant. (Resp. at 13).

Furthermore, although the EEOC's own authority establishes that a party must be "given the opportunity to participate in conciliation proceedings," both the Complaint and the EEOC's Response is devoid of any allegations establishing that Labor Solutions of AL was afforded this opportunity. (Resp. at 12). Notably, although the EEOC alleges that Labor Solutions of AL did not exist at the time the

charges were filed or when the letter of determination was issued, the EEOC does not dispute that Labor Solutions of AL existed during its investigation and conciliation. (Resp. at 14; Memo. at 12). The EEOC has failed to provide any counterargument to Labor Solutions of AL's authority that it should not be required to face a lawsuit without an opportunity to participate in the conciliatory process. (Memo. at 12).

Based on the EEOC's failure to include Labor Solutions of AL in its investigation or conciliation, coupled with its inability to plead any similarity of interests or continuity between East Coast and Labor Solutions of AL, the Complaint should be dismissed based on Claimants' failure to exhaust their administrative remedies. (Memo. at 12).

### C. The Court Should Not Grant The EEOC Leave To Amend Its Complaint

The EEOC's request for leave to amend the Complaint should be denied because it has failed to inform the Court what it could plead to salvage Claimants' claims. (Resp. at 15); *United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1362 (11th Cir. 2006) ("a plaintiff should not be allowed to amend its complaint without showing how the complaint could be amended to save the meritless claim") (internal quotations and citations omitted). Moreover, any attempts to amend the Complaint would be futile because Claimants were not employed by Labor Solutions of AL and failed to exhaust their administrative remedies

regarding Labor Solutions of AL. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (courts need not grant an opportunity to amend where amendment would be futile).

## III. CONCLUSION

For the foregoing reasons, and for those reasons set forth in Defendant's Memorandum of Law in Support of its Motion To Dismiss, Labor Solutions of AL respectfully requests that the Court deny the relief sought by the Complaint, dismiss this action in its entirety with prejudice, enter judgment in its favor, and award its costs, inclusive of attorneys' fees, and such other relief as the Court may deem just and proper.

## IV. CERTIFICATION

I hereby certify that the foregoing DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT has affirmatively and diligently sought to submit arguments that are material to the issues to be resolved, that careful consideration has been given to the contents of the foregoing document, it does not include vague language, an overly broad citation of evidence, or misstatements of the law, and is non-frivolous in nature.

DATED: February 27, 2017

Respectfully submitted,

LABOR SOLUTIONS OF AL, LLC

By: /s/ Kimberly W. Geisler
Kimberly W. Geisler

*Local Counsel*
Kimberly W. Geisler
Alabama Bar No. ASB-3671-Y88G
SCOTT DUKES & GEISLER, P.C.
211 Twenty-Second Street North
Birmingham, AL 35203
Telephone: (205) 251-2300
Facsimile: (205) 251-6773
E-mail: kegeisler@scottdukeslaw.com
Attorneys for Defendant
LABOR SOLUTIONS OF AL, LLC

Christopher J. DeGroff
cdegroff@seyfarth.com
(admitted *pro hac vice*)
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, IL 60603
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

Gregory L Smith, Jr.
glsmith@seyfarth.com
(admitted *pro hac vice*)
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, GA 30309-3958
Telephone: (404) 885-1500
Facsimile: (404) 892-7056

Kathryn C. Palamountain
cpalamountain@seyfarth.com
(admitted *pro hac vice*)
SEYFARTH SHAW LLP
700 Milam Street
Suite #1400
Houston, TX 77002-2812
Telephone: (713) 225-2300
Facsimile: (713) 225-2340

**CERTIFICATE OF SERVICE**

I hereby certify that on February 27, 2017, I electronically filed the foregoing DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT with the Clerk of Court for the United States District Court for the Northern District of Alabama using the CM/ECF system, which will send notification of such filing to the following individuals:

P. David Lopez
James L. Lee
Marsha L. Rucker
Harriett Faychelle Johnson
Kurt S. Fischer
Maneesh Varma
Equal Employment Opportunity Commission

By: /s/ Kimberly W. Geisler
Kimberly W. Geisler