**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**LABOR SOLUTIONS OF AL LLC,** )<br>**f/k/a EAST COAST LABOR** )<br>**SOLUTIONS, LLC,** )<br>)<br>Defendant. ) | **Case No.: 4:16-CV-1848-VEH** |

## **MEMORANDUM OPINION AND ORDER**

## **I. INTRODUCTION AND PROCEDURAL HISTORY**

The Equal Employment Opportunity Commission (the "EEOC" or the "Commission"), brings this civil action "on behalf of Oscar Corzo, Jorge Mercado, and a class of at least eight other Charging Parties and aggrieved individuals" (the "Claimants"). (Doc. 1 at 1). In the original Complaint[1], the EEOC named Labor Solutions of Alabama, LLC ("LSA") as the Defendant and contended that it "was formed to assume the business operations previously performed by" a company named East Coast Labor Solutions, LLC ("East Coast"). (Doc. 1 at 2). In that original

---

[1] The document the Court refers to as the "Complaint" is document 1, which the EEOC oddly entitled "Nature of the Action."

Complaint, the EEOC also claimed that East Coast: "subjected Claimants to discriminatory treatment based on their national origin," in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e through 2000e-17 ("Title VII") (doc. 1 at 1); and "failed to accommodate [the Claimant's] disabilities" in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213 (the "ADA"). (Doc. 1 at 1).[2]

On February 3, 2017, LSA moved to dismiss the Complaint "pursuant to Federal Rule of Civil Procedure 12(b)(1) or, alternatively, Federal Rule of Civil Procedure 12(b)(6)." (Doc. 14 at 1). In a lengthy opinion, this Court granted that motion, finding that "the EEOC . . . failed to plausibly allege that LSA is the successor to East Coast," and that the EEOC failed to exhaust administrative prerequisites to filing suit. *Equal Employment Opportunity Comm'n v. Labor Sols. of AL LLC*, 242 F. Supp. 3d 1267, 1282, 1284 (N.D. Ala. 2017) (Hopkins, J.). However, the Court allowed the EEOC to file an Amended Complaint "which cures the deficiencies noted herein." *Labor Sols.*, 242 F. Supp. 3d at 1284.

On April 18, 2017, the EEOC filed an Amended Complaint. (Doc. 36). On April 18, 2017, this Court struck the Amended Complaint, which had, without leave

---

[2] Instead of two "counts" the Complaint had two sections–one entitled "Statement of Title VII Claims," and one entitled "Statement of ADA Claims."

of Court, or written permission of the opposing parties, added three new Defendants: East Coast Labor Solutions, LLC ("East Coast"); Labor Solutions, LLC ("LS"), and East Coast Labor Solutions of West Virginia, LLC ("East Coast WV"). (Doc. 36 at 1).[3]

On May 1, 2017, the EEOC filed a Motion for Leave To File (doc. 38) (the "Motion") the stricken Amended Complaint. For the reasons stated herein, the motion will be **GRANTED**.

## II. ALLEGATIONS IN THE PROPOSED AMENDED COMPLAINT

The proposed Amended Complaint contains the following pertinent[4] factual allegations relevant to whether the EEOC satisfied the administrative prerequisites prior to filing suit:

> 3. At least as early as January 2011 and continuing through at least January 2013, East Coast Labor Solutions, LLC conducted business in the State of Alabama through its partnership and agreement with Pilgrim's Pride Corporation at its Guntersville, Alabama poultry processing facility.
>
> 4. Claimants are Hispanics and were recruited by East Coast Labor Solutions, LLC to work at the Pilgrim's Pride poultry processing plant in Guntersville, Alabama.

---

[3] LSA also remained as a Defendant.

[4] As it did in its previous opinion, the Court omits discussion of factual allegations related to the alleged acts of discrimination and failure to accommodate the Claimants as such discussion is not needed to resolve the pending motion.

5. At all relevant times, East Coast Labor Solutions, LLC has also conducted business in Alabama as Labor Solutions, LLC; East Coast Labor Solutions of West Virginia, LLC and Labor Solutions of AL, LLC.

* * *

8. More than thirty days prior to the institution of this lawsuit, Charging Parties filed charges of discrimination with the Commission alleging violations of Title VII and the ADA by Defendants. Claimants, in their charges, identified their employer as "East Coast Labor Solutions, Inc."

9. Defendants received notice of the charges referenced in paragraph 8 above.

10. The Commission conducted an investigation into the allegations contained in the charges referenced in paragraph 8 above.

11. On January 5, 2012, Paris R. Wiley, owner and operator of East Coast Labor Solutions, LLC (["East Coast"]) responded to a Notice of Charge of Discrimination filed by one of the Claimants in this action.

12. Wiley eventually retained counsel from the law firm of Seyfarth Shaw, with whom the EEOC communicated regarding the investigation and conciliation of the charges referenced in paragraph 8 above.

13. On November 21, 2014, the Commission issued to Defendants a Letter of Determination as to each of the charges referenced in paragraph 8 above.

14. The Letters of Determination issued by the Commission placed Defendants on notice that the Commission found reasonable cause to believe that Title VII and the ADA were violated with respect to each Charging Party, as well as a class of employees and former employees, and invited Defendants to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful

employment practices and provide appropriate relief. The Letters of Determination were issued and mailed to East Coast Labor Solutions of WV, LLC d/b/a East Coast Labor Solutions at 9777 Seneca Trail, Fairlea, WV, 249011

15. After the Letters of Determination were issued to Defendants, the parties engaged in conciliation. During conciliation, the Commission and Defendants exchanged multiple offers and counter-offers.

16. The Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission with respect to the charges filed by the Charging Parties. As a result, on August 2, 2016, the Commission issued to Defendants a Notice of Failure of Conciliation.

17. All conditions precedent to the institution of this lawsuit have been fulfilled.

(Doc. 38-2 at 4-7, ¶¶3-17).[5]

---

[5] The Court notes the following fundamental differences in the allegations stated in the original Complaint and the proposed Amended Complaint. In the original Complaint, the EEOC alleged: "More than thirty days prior to the institution of this lawsuit, Charging Parties filed charges of discrimination with the Commission alleging violations of Title VII and the ADA by Defendant East Coast." (Doc. 1 at 3, ¶8) (emphasis supplied). The new allegations in paragraph 8 of the proposed Amended Complaint state that the Claimants filed the charge "alleging violations of Title VII and the ADA by Defendants." (Doc. 38-2 at 5, ¶8) (emphasis added). Similarly, the proposed Amended Complaint alleges that "[o]n November 21, 2014, the Commission issued to Defendants a Letter of Determination." (Doc. 38-2 at 6, ¶13) (emphasis added). In the original Complaint, the EEOC alleged: "On November 21, 2014, the Commission . . . issued to East Coast a Letter of Determination[.]" (Doc. 1 at 3, ¶9) (emphasis added). The original Complaint alleged that the Commission invited only East Coast to engaged in conciliation. (Doc. 1 at 3, ¶9). The proposed Amended Complaint states that this invitation was made to "Defendants." (Doc. 38-2 at 6, ¶14). The original Complaint alleged: "On August 2, 2015, the Commission issued to East Coast a Notice of Failure of Conciliation[.]" (Doc. 1 at 3, ¶10) (emphasis supplied). The proposed Amended Complaint alleges that "on August 2, 2016, the Commission issued to Defendants a Notice of Failure of Conciliation." (Doc. 38-2 at 6 ¶ 16) (emphasis added).

The new allegations clearly contradict those in the original Complaint. LSA cites *George v. Headley*, No. 115CV00308CLSSGC, 2016 WL 5844603, at *2 (N.D. Ala. June 3, 2016) (Cornelius, M.J.), *report and recommendation adopted*, No. 115CV00308CLSSGC, 2016 WL

5

## III. ANALYSIS

The Eleventh Circuit has stated:

> Unless otherwise specified, a party may amend its pleading "only with the opposing party's written consent or the court's leave." FED.R.CIV.P. 15(a)(2). The Rule goes on to state that "[t]he court should freely give leave when justice so requires." *Id*. Despite the rule that leave to amend should be given freely, the court may deny leave to amend on numerous grounds, including the futility of the amendment. *Maynard v. Bd. of Regents of Div. of Univs. of Florida Dept. of Educ. ex rel. Univ. of S. Florida*, 342 F.3d 1281, 1287 (11th Cir.2003). Futility justifies the denial of leave to amend where the complaint, as amended,

---

5799017 (N.D. Ala. Sept. 30, 2016), for the proposition that the Court may consider allegations in the Amended Complaint, but only to the extent that they do not contradict those in the original Complaint. (Doc. 39 at 4-5, n. 3; *see also* doc. 39 at 5, n. 4, 5). In *George*, the plaintiff, a prisoner, filed a *pro se* complaint, and then later an amended complaint, pursuant to 42 U.S.C. § 1983, alleging federal constitutional and state tort violations which occurred during his incarceration at the Childersburg Work Release Center in Childersburg, Alabama. Judge Cornelius wrote, in pertinent part:

> On April 16, 2015, the plaintiff filed an amended complaint (Doc. 5), but it is more conclusory than and contradictory to specific facts set out in the original complaint. To explain, in the original complaint the plaintiff alleged defendant Roberts knocked him backward, did not help him to his feet, and refused the plaintiff's hospital request in favor of escorting the plaintiff to the medical unit for a body chart. (Doc. 1-1 at 3-4). The amended complaint is identical to its predecessor, except the plaintiff substitutes the phrase "Defendants (cumulatively)" in place of those actions attributed solely to defendant Roberts in the original complaint. (Doc. 5 at 5-6). Therefore, the court shall consider the allegations in the amended complaint (Doc. 5), but only to the extent they are not contradictory to the original complaint (Doc. 1-1).

*George*, 2016 WL 5844603, at *2.

The holding in *George*, which dealt with a *pro se* prisoner complaint, is limited to the facts of that case. The Eleventh Circuit has noted that when an Amended Complaint is filed, the previous Complaint becomes a legal nullity. *Hoefling v. City of Miami*, 811 F.3d 1271, 1277–78 (11th Cir. 2016) (citing *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir.2006)).

would still be subject to dismissal. *Burger King Corp. v. Weaver*, 169
F.3d 1310, 1320 (11th Cir.1999) (citations omitted).

*Patel v. Georgia Dep't BHDD*, 485 F. App'x 982, 982 (11th Cir. 2012). LSA argues that the Motion should be denied because filing the Amended Complaint would be futile as to LS, LSA, and East Coast WV. Specifically, LSA alleges that, as to these entities, the EEOC failed to exhaust the administrative prerequisites to filing suit.[6]

As noted above (*see* note 5), in the original Complaint the EEOC alleged that "[m]ore than thirty days prior to the institution of this lawsuit, Charging Parties filed charges of discrimination with the Commission alleging violations of Title VII and the ADA by <u>Defendant East Coast</u>." (Doc. 1 at 3, ¶8) (emphasis supplied). The new allegations in paragraph 8 of the proposed Amended Complaint state that the Claimants filed the charge "alleging violations of Title VII and the ADA by <u>Defendants</u>." (Doc. 38-2 at 5, ¶8) (emphasis added). Amazingly, the actual charge appears nowhere in the record. However, the proposed Amended Complaint alleges that "Claimants, in their charges, identified their employer as "'East Coast Labor Solutions, Inc.'" (doc. 38-2 at 5, ¶8), and the EEOC does not argue that any entity

---

[6] In its Motion, the EEOC also argues that all Defendants form part of the same "integrated enterprise," and/or are liable as "successors" to East Coast. (Doc. 38 at 9-14). LSA does not address these arguments. That failure is sufficient in and of itself for the Court to grant the Motion.

other than East Coast was actually named.[7] Accordingly, the Court assumes that it is undisputed that Defendants LSA, LS, and East Coast WV were not named in the charge.

The Eleventh Circuit has noted:

> A person seeking to file a lawsuit under Title VII must first file a charge with the EEOC alleging a Title VII violation, and then obtain authorization from the EEOC or, in the case of a political subdivision of a state government, the Attorney General. *See Virgo v. Riviera Beach Assoc., Ltd.*, 30 F.3d 1350, 1358 (11th Cir.1994); 42 U.S.C. § 2000e–5(f)(1). <u>Generally, a party not named in the EEOC charge may not be sued in a later civil action</u>. *Virgo*, 30 F.3d at 1358. That naming precondition "serves to notify the charged party of the allegation and allows the party an opportunity to participate in conciliation and voluntarily comply with the requirements of Title VII." *Id*.
>
> That naming precondition, however, must be liberally construed. *Id*. <u>Sometimes a party not named in the EEOC charge may still be sued in a later civil action but only if doing so fulfills the purposes of the [sic] Title VII</u>. *Id*. at 1358–59. In analyzing whether the purposes of Title VII are met, this Court considers several factors, including:
>
>> (1) the similarity of interest between the named party and the unnamed party; (2) whether the plaintiff could have ascertained the identity of the unnamed party at the time the EEOC charge was filed; (3) whether the unnamed parties received adequate notice of the charges; (4) whether the unnamed parties had an adequate opportunity to participate in the reconciliation process; and (5) whether the unnamed party actually was prejudiced by its exclusion

---

[7] Nor does the EEOC dispute LSA's statement in its opposition that "it is undisputed that the Charging Parties did not file EEOC charges against LS, LSA, and [East Coast WV]." (Doc. 39 at 3).

> from the EEOC proceedings.
>
> *Id*. at 1359. That is not meant to be a "rigid test" and "[o]ther factors may be relevant depending on the specific facts of the case." *Id*.
>
> One additional factor sometimes considered by this Court is whether an investigation of the unnamed party "could have reasonably grown out of [the EEOC] charge." *Hamm v. Members of Bd. of Regents*, 708 F.2d 647, 650 (11th Cir.1983); *see also Terrell v. U.S. Pipe & Foundry Co.*, 644 F.2d 1112, 1123 (5th Cir.1981), *vacated on other grounds sub nom. Int'l Ass'n of Machinists & Aerospace Workers, AFL–CIO v. Terrell*, 456 U.S. 955, 102 S.Ct. 2028, 72 L.Ed.2d 479 (1982). That factor weighs in favor of inclusion of an unnamed party if the party's identity or participation in the alleged discrimination is or is likely to be uncovered during the EEOC's reasonable investigation growing out of the charge. *See Terrell*, 644 F.2d at 1123.

*Lewis v. Asplundh Tree Expert Co.*, 402 F. App'x 454, 456–57 (11th Cir. 2010) (footnotes omitted) (emphasis added). LSA argues that the EEOC has failed to plausibly plead that allowing it, LS, and East Coast WV to be named as defendants fulfills the purposes of Title VII. In response, the EEOC argues that the more liberal standard of Rule 9(c), not the plausibility standard from *Twombly* and *Iqbal,* should be applied. (Doc. 43 at 2-5). The EEOC is correct.

Rule 9(c) provides: "In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed. But when denying that a condition precedent has occurred or been performed, a party must do so with particularity." FED. R. CIV. P. 9(c). In *Myers v. Central Fla. Invs.*, 592 F.3d

9

1201 (11th Cir. 2010), the Complaint simply read: "Plaintiff received her Notice of Right to Sue letter from the U.S. Equal Employment Opportunity Commission within 90 days before filing this action, and has otherwise fulfilled all conditions precedent to institution of this action." *Myers*, 592 F.3d at 1224. The Eleventh Circuit held that "[t]his general statement . . . was sufficient to discharge [the Plaintiff's] duty under Rule 9 of the Federal Rules of Civil Procedure." *Id.; see also*, *Danielle-Diserafino v. Dist. Sch. Bd. of Collier Cty., Florida*, No. 2:15-CV-569-FTM-29CM, 2016 WL 4247633, at *2 (M.D. Fla. Aug. 11, 2016) (Steele, J.) (ADA case where plaintiff satisfied her pleading burden by alleging that she received a right to sue letter from the EEOC on June 30, 2015, less than 90 days prior the date her suit was filed, and that all conditions precedent to filing suit had occurred.); *Rodrigues v. SCM I Investments, LLC*, No. 2:15-CV-128-FTM-29CM, 2015 WL 6704296, at *3 (M.D. Fla. Nov. 2, 2015) (Steele, J.) (ADEA case where general statement that "[a]ll conditions precedent to the bringing of this action have been satisfied or waived" was sufficient under Rule 9).

## IV.  CONCLUSION

In the instant case, in addition to the facts set out in paragraphs 3-16 of the proposed Amended Complaint, the EEOC pleads that "[a]ll conditions precedent to the institution of this lawsuit have been fulfilled." (Doc. 38-2 at 7, ¶17). This satisfies

the EEOC's burden pursuant to Rule 9(c). Accordingly, the Motion To Amend is hereby **GRANTED**. Due to CM/ECF requirements, the EEOC shall file the Amended Complaint into the record within 7 business days.

    **DONE** and **ORDERED** this 1st day of November, 2017.

                                            **VIRGINIA EMERSON HOPKINS**
                                            United States District Judge