FILED
2017 Nov-02 PM 03:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | |
| **Plaintiff,** | ) ) ) | **CIVIL ACTION NUMBER:** |
| v. | ) ) | |
| **EAST COAST LABOR SOLUTIONS, LLC; LABOR SOLUTIONS, LLC; EAST COAST LABOR SOLUTIONS OF WEST VIRGINIA, LLC; and LABOR SOLUTIONS OF AL, LLC** | ) ) ) ) ) ) ) ) | **JURY TRIAL REQUESTED** |
| **Defendants.** | ) | |

## AMENDED COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. §2000e et seq. ("Title VII"), Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a, and Title I of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12101 et seq., as amended by the Americans with Disabilities Act Amendments Act of 2008, to correct unlawful employment practices on the basis of national origin and disability, and to provide appropriate relief to Charging Parties Oscar Corzo, Jorge Mercado, and a class of at least eight other Charging Parties and aggrieved individuals ( "Claimants"), who were

adversely affected by such practices. As alleged with greater particularity below, Plaintiff U.S. Equal Employment Opportunity Commission ("Plaintiff", "EEOC" or "Commission") alleges that Defendants East Coast Labor Solutions, LLC; Labor Solutions, LLC; East Coast Labor Solutions of West Virginia, LLC; and Labor Solutions of Alabama, LLC (collectively referred to as "Defendants" or "Wiley's integrated staffing enterprise") operated as an integrated enterprise or, alternatively, that Defendant Labor Solutions of Alabama, LLC; Labor Solutions, LLC; and East Coast Labor Solutions of West Virginia, LLC are successors to East Coast Labor Solutions, LLC. Defendants subjected Claimants to discriminatory treatment based on their national origin and failed to accommodate their disabilities during the period beginning at least as early as January 2011 and continuing through at least January 2013.

## JURISIDCTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII, 42 U.S.C §2000e-5(f)(1) and (3), and pursuant to Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII. and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court

for the Northern District of Alabama.

## PARTIES

2. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII of the Civil Rights Act of 1964, as amended, and Title I of the ADA, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C §2000e-5(f)(1) and (3) and Section 107(a) of the ADA, 42 U.S.C.

3. At least as early as January 2011 and continuing through at least January 2013, East Coast Labor Solutions, LLC conducted business in the State of Alabama through its partnership and agreement with Pilgrim's Pride Corporation at its Guntersville, Alabama poultry processing facility.

4. Claimants are Hispanics and were recruited by East Coast Labor Solutions, LLC to work at the Pilgrim's Pride poultry processing plant in Guntersville, Alabama.

5. At all relevant times, East Coast Labor Solutions, LLC has also conducted business in Alabama as Labor Solutions, LLC; East Coast Labor Solutions of West Virginia, LLC and Labor Solutions of AL, LLC.

6. At all relevant times, East Coast Labor Solutions, LLC; Labor Solutions, LLC; East Coast Labor Solutions of West Virginia, LLC; and Labor Solutions of AL, LLC have been employers engaged in an industry affecting commerce within

the meaning of Section 101(5), 42 U.S.C. §§12111(5), and 101(7) of the ADA, 42 U.S.C. §§ 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and(h).

7. At all relevant times, East Coast Labor Solutions, LLC; Labor Solutions, LLC; East Coast Labor Solutions of West Virginia, LLC; and Labor Solutions of AL, LLC have been covered entities under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

8. More than thirty days prior to the institution of this lawsuit, Charging Parties filed charges of discrimination with the Commission alleging violations of Title VII and the ADA by Defendants. Claimants, in their charges, identified their employer as "East Coast Labor Solutions, Inc."

9. Defendants received notice of the charges referenced in paragraph 8 above.

10. The Commission conducted an investigation into the allegations contained in the charges referenced in paragraph 8 above.

11. On January 5. 2012, Paris R. Wiley, owner and operator of East Coast Labor Solutions, LLC ("LS") responded to a Notice of Charge of Discrimination filed by one of the Claimants in this action.

12. Wiley eventually retained counsel from the law firm of Seyfarth Shaw,

with whom the EEOC communicated regarding the investigation and conciliation of the charges referenced in paragraph 8 above.

13. On November 21, 2014, the Commission issued to Defendants a Letter of Determination as to each of the charges referenced in paragraph 8 above.

14. The Letters of Determination issued by the Commission placed Defendants on notice that the Commission found reasonable cause to believe that Title VII and the ADA were violated with respect to each Charging Party, as well as a class of employees and former employees, and invited Defendants to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief. The Letters of Determination were issued and mailed to East Coast Labor Solutions of WV, LLC d/b/a East Coast Labor Solutions at 9777 Seneca Trail, Fairlea, WV, 24901[1]

15. After the Letters of Determination were issued to Defendants, the parties engaged in conciliation. During conciliation, the Commission and Defendants exchanged multiple offers and counter-offers.

16. The Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission with respect to the charges filed by the Charging Parties. As a result, on August 2, 2016, the Commission issued to Defendants a Notice of Failure of Conciliation.

---

[1] The West Virginia Secretary of State's website notes that the United States Post Office lists the 9777 Seneca Trail address in Lewisburg, WV not Fairlea, WV. Nevertheless, Defendants received notice of the Determinations.

17. All conditions precedent to the institution of this lawsuit have been fulfilled.

## FACTUAL BACKGROUND

18. Paris Wiley owns and operates, among other entities, Labor Solutions, LLC ("LS"); East Coast Labor Solutions, LLC ("ECLS"); East Coast Labor Solutions of West Virginia ("ECLSWV"); and Labor Solutions of Alabama ("LSA")(sometimes referred to herein as "Wiley's integrated staffing enterprise"), all of which are temporary staffing firms which recruit and provide workers to businesses in Alabama and other states.

19. LS is a temporary staffing firm founded by Paris Wiley in 2004. It began operations in West Virginia and, to date, has expanded to at least ten states and 27 different locations, including Alabama. LS employs over 1,500 employees and provides staffing in the food processing industry, including poultry plants, and provides transportation and housing for its temporary employees.

20. ECLS, formerly known as Spanforce Labor of VA, LLC, was formed by Paris Wiley in Virginia in 2007. ECLS has, at various times since receiving notice of the Claimants' EEOC charges, voluntarily cancelled its business charter and re-filed or reactivated its business charter, but at all times has continued and continues to conduct business by providing unskilled labor to poultry plants in various states.

21. ECLSWV was formed by Paris Wiley in West Virginia on August 10, 2010. ECLSWV has, since that time, continuously done business, and, upon information and belief, continues to do business in the State of Alabama and other states in that name or in the names of other entities formed, owned, and operated by Paris Wiley.

22. LSA is a temporary staffing firm formed by Paris Wiley in Delaware in 2012 which has, since that time, continuously done business, and continues to do business, in the State of Alabama and other states. LSA recruits workers, including workers for food processing companies, including at least three Alabama poultry plants.

23. LS, ECLS, ECLSWV, and LSA share the same office address, telephone number and company email accounts.

    a. LS, ECLS, ECLSWV and LSA share the same mailing address and principal address at 9777 Seneca Trail, Lewisburg, WV, 24901. The 9777 Seneca Trail, Lewisburg, WV 24901 address shared between LS, ECLS, ECLSWV and LSA currently displays a sign outside the building with the name East Coast Labor Solutions and Labor Solutions, LLC.

    b. LS, ECLS, LSA, and ECLSWV share the same telephone number: (304) 647-5027.

      c. That same address and phone number appear on the website for LS (www.laborsolutionsllc.com) both on the website's homepage and under the "Contact Us" section.

24. The promotion and advertisement of the LS, ECLS and ECLSWV and LSA businesses is interrelated.

      a. The LS website displays the same graphic logo (a logo with the names East Coast Labor Solutions and Labor Solutions, LLC) that is displayed on the business sign outside of 9777 Seneca Trial, Lewisburg, West Virginia, 24901.[2]

      b. The LS website includes a link to a Facebook page. The link takes the user directly to ECLSWV's Facebook page.

25. LS, ECLS, ECLSWV and LSA have the same centralized control of labor relations and share common management and non-management employees.

      a. For example, Wiley owns and operates each of these privately-held entities and is actively involved in their management and personnel matters.

      b. Wiley serves as Director of LS and promotes himself on social media as its "Director" from 2004 to the present.

---

[2] As mentioned, infra, that business sign also contains the name of ECLS.

    c. Wiley, on behalf of ECLS, contracted with an apartment complex in Alabama to renew apartment leases for the unskilled labor that ECLS provided to its client Pilgrim's Pride.

    d. The same management or non-management employees, including Cindy O'Neil, Debbie Watkins, and Mandi Hancock, performed business functions or assisted in the daily operations of Wiley's integrated staffing enterprise (consisting of ECLS, ECLSWV, LS and LSA), such as communicating internally and externally about personnel matters and executing business-related documents.

    e. LSA uses a prescreening form, last revised in 2013; the contact information provided on the form is an employee named Mandi Hancock at email address mandi@eclswv.com.

    f. ECLS paychecks show the address of 9777 Seneca Trail and phone number of (304) 647-5027; the same address and phone number used by LS, LSA, and ECLSWV.

26. Alternatively, LSA, LS and ECLSWV are successors in liability to East Coast Labor Solutions, LLC.

    a. Plaintiff hereby incorporates by reference each and every allegation contained it paragraphs 3 through 25 of this Complaint as if set forth fully herein.

b. LSA has assumed the business operations previously performed by Wiley's integrated staffing enterprise and has continuously conducted business in the State of Alabama since 2012.

c. Wiley formed LSA, a Delaware limited liability corporation, in 2012. LSA continues the business operations of Wiley's integrated staffing enterprise by recruiting labor for Alabama poultry plants.

d. In 2013, all existing management employees of ECLS were transferred to, and began working for LSA.

e. In 2013, LSA registered the domain name for the website *greatfoodjob.com.* The contact person listed on the domain registration is Mandi Hancock from ECLSWV, whose contact information is listed on LSA employment prescreening forms used by Defendants in recruiting and screening of persons to work in Alabama and elsewhere. The domain *www.eclswv.com* is registered to Labor Solutions of AL, LLC and uses the same business address and telephone as that used by each entity: LS, ECLSWV, ECLS and LSA.

f. The 9777 Seneca Trail, Lewisburg, WV 24901 address shared between LS, ECLS, ECLSWV and LSA currently displays a sign outside the building with the name of East Coast Labor Solutions and Labor Solutions, LLC.

27. On July 8, 2016, Defendant, by and through its counsel, represented to the EEOC that ECLS was no longer an ongoing entity.

28. At all relevant times, LS, ECLS, ECLSWV and LSA have been integrated enterprises, and/or successor entities formed by Wiley to provide unskilled labor to poultry plants in Alabama and other states.

## STATEMENT OF TITLE VII CLAIMS

29. Defendants have engaged in unlawful employment practices at the Guntersville facility by subjecting Claimants to disparate treatment on the basis of their national origin, in violation of Section 703(a) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1), 2000e-2(a)(2) and 2000e-2(b). These unlawful practices, which occurred during the period beginning at least as early as January 2011 and continued through at least January 2013, include, but are not limited to, the following:

   a. Claimants traveled at their own expense to Alabama based on representations that they would be reimbursed for their travel costs. Claimants were not reimbursed but were instead assessed on average $150 for "set up costs."

   b. Non-Latino employees were not assessed these "set up costs."

   c. Claimants were required to live in housing provided by Defendants and Paris Wiley for at least the first four months of their employment.

Each claimant shared a two bedroom apartment with three other employees.

d. Claimants were charged $68 a week for rent and utilities, $20 for furniture rental, $20 transportation and $10 for health benefits.

e. The apartments and furnishings were in poor repair and dilapidated.

f. Defendants assessed approximately $1088 per month total for each apartment from Claimants, despite the actual average rent for the apartment being approximately $330.

g. Non-Latino employees were not required to live in East Coast housing and were not subject to pay deductions for rent and utilities, furniture rental, or transportation.

h. Despite representations by Defendants that Claimants would be assigned to Live Hang Operator positions, a less strenuous and more desirable position in a processing plant, Claimants were reassigned to less desirable positions in the plant. More desirable assignments went to Non-Latino employees.

i. Despite Defendants' representations to the contrary, Claimants were earning on average $8.90 an hour. They were working on average 20-30 hours a week.

j. Claimants were subjected to more difficult work conditions than their

non-Latino counterparts. They were consistently scrutinized and monitored by Supervisors, denied bathroom breaks, and denied a full hour for lunch.

k. In addition to being denied bathroom breaks, Claimants were placed on segregated "Latino-only" production lines that were moving at a faster rate than the non-Latino production lines. Oftentimes, there were fewer employees placed on the Latino-only production lines. Despite the higher speed and less staff, Claimants were expected to produce at the same rate and quality as better staffed production lines. At times, Claimants would be pulled from a slower production line, replaced with a non-Latino worker, and then sent to a faster production line.

l. Claimants were dependent on the transportation provided by Defendants to travel to and from the Guntersville facility. The transportation was consistently early or late, resulting in Claimants arriving one to two hours before their shift and having to wait one to two hours after their shift for the bus to arrive. Claimants had to sit outside while waiting for the bus and were not paid for the one to three hours a day they spent waiting.

  m. Non-Latino employees were not required to spend one to three hours a day outside waiting for transportation.

  n. Claimants were consistently harassed by non-Latino coworkers and supervisors at Pilgrims. Claimants were subjected to ethnic slurs and threats by both non-Latino coworkers and supervisors.

  o. Claimants were screamed at by supervisors and, in one instance, one Claimant had chicken kicked at him by a supervisor.

  p. Claimants complained about the above practices to both Pilgrim and Defendants' personnel. Defendants failed to take action to prevent the above practices.

30. The effect of the practices complained of above has been to deprive Charging Parties and a class of employees and former employees covered by Title VII of equal employment opportunities and otherwise adversely affect their status as employees because of their national origin.

31. The unlawful employment practices complained of above were intentional.

32. The unlawful employment practices complained of above were and are done with malice or with reckless indifference to the federally protected rights of the Charging Parties and the class of employees and former employees covered by Title VII.

## STATEMENT OF ADA CLAIMS

33. Defendants have engaged in unlawful employment practices at the Guntersville facility by subjecting Claimants to discrimination by failing to accommodate their disabilities, in violation of Sections 102(a), (b)(5)(A) of the ADA, 42 U.S.C. §§ 12112(a),(b)(5)(A). These unlawful practices which occurred during the period beginning at least as early as January 2011 and continued through at least January 2013, include, but are not limited to the following practices:

    a. At all relevant times, Claimants were qualified individuals with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§12102 and 12111(8).

    b. Claimants' disabilities were a result of their work at the Guntersville facility.

    c. Claimants sought medical attention on site at the Guntersville facility and attempted to seek medical attention off-site.

    d. Claimants requested the following as reasonable accommodations:

        i. Breaks from the production line.

        ii. Additional time to rest and/or seek medical treatment.

        iii. Time to sharpen their work tools to make the task less strenuous on their hands.

      iv. Re-assignment to alternative positions.

  e. Defendants prevented Claimants from seeking medical attention by denying them the time off the production line.

  f. Defendants prevented Claimants from seeking medical attention by denying them the transportation to off-site medical attention.

  g. Despite paying for health benefits, Claimants were required to pay for their own off-site medical attention.

  h. Defendants denied Claimants' requests for re-assignment to alternative positions.

  i. Despite providing notes from medical providers, Claimants were also terminated by Defendants for purportedly failing to provide a medical excuse after returning from a disability related leave.

34. The effect of the practices complained of above has been to deprive Charging Parties and a class of employees and former employees covered by ADA of equal employment opportunities and otherwise adversely affect their status as employees because of their disabilities.

35. The unlawful employment practices complained of above were intentional.

36. The unlawful employment practices complained of above were and are done with malice or with reckless indifference to the federally protected rights of

the Charging Parties and the class of employees and former employees covered by the ADA.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants Labor Solutions, LLC; East Coast Labor Solutions, LLC; East Coast Labor Solutions of West Virginia, LLC; and, Labor Solutions of AL, LLC, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice that discriminates on the basis of national origin, including the practice of segregating workers on the basis of national origin and subjecting them to disparate treatment.

B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees regardless of national origin, and which eradicate the effects of their past and present unlawful employment practices.

C. Grant a permanent injunction enjoining Defendants, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice that discriminates on the basis of disability.

D. Order Defendants to institute and carry out policies, practices, and

programs which provide equal employment opportunities for qualified individuals with disabilities, individuals with a perceived disability, and/or individuals with an association with a person with a disability, and which eradicate the effects of their past and present unlawful employment practices.

E. Order Defendants to make whole Claimants by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, front pay and reinstatement.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

G. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

RESPECTFULLY SUBMITTED,

**JAMES L. LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

/s/ *Marsha L. Rucker*
**MARSHA L. RUCKER**
Birmingham District Regional Attorney

PA Bar No. 90041

**GERALD L. MILLER**
Supervisory Trial Attorney
AL Bar No.: ASB-1454-E52G

Equal Employment Opportunity Commission
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street south
Birmingham, AL 35205
Tel. (205) 212-2047
Fax (205) 212-2041
gerald.miller@eeoc.gov

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2017, I filed the foregoing with the Clerk of Court using the CM/ECF system which will electronically send notification of the filing to all attorneys of record.

*/s/ Marsha L. Rucker*
Marsha L. Rucker