FILED

2019 Feb-19  PM 01:45
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

EQUAL EMPLOYMENT                  )
OPPORTUNITY COMMISSION,           )
                                  )
     Plaintiff,              )
                                  )        CIVIL ACTION NUMBER:
                                  )        4:16-cv-1848-ACA
     v.                      )
                                  )
EAST COAST LABOR                  )
SOLUTIONS, LLC; LABOR             )
SOLUTIONS, LLC; EAST              )
COAST LABOR SOLUTIONS OF          )
WEST VIRGINIA, LLC; and           )
LABOR SOLUTIONS OF AL,            )
LLC                               )
     Defendants.             )

## CONSENT DECREE

The Equal Employment Opportunity Commission ("Commission or Plaintiff") filed the above-captioned lawsuit against Labor Solutions of AL, LLC; East Coast Labor Solutions, LLC; Labor Solutions, LLC; and East Coast Labor Solutions of West Virginia, LLC (collectively, the "Defendants") on November 2, 2017, in this Court, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq*. ("Title VII"), the Civil Rights Act of 1991, 42 U.S.C. §1981a, and the Americans with Disabilities Act of 1990 ("ADA") (the "Litigation"). The Amended Complaint alleges the four Defendants operated as an integrated enterprise

or are related as successors in interest, and violated Title VII when they treated a group of aggrieved individuals ("the Claimants"), who are all Latino employees, differently from non-Latino employees based on their national origin. The Commission also alleges that Defendant violated the ADA when they failed to accommodate the Claimants based on their disabilities.

Defendants have denied all allegations that they operate or operated as an integrated enterprise and have further denied all allegations of discrimination and wrongdoing of any kind asserted in the Litigation. The parties have agreed to enter into this Consent Decree to resolve all claims in the Litigation, and by signing this Consent Decree Defendants admit no liability for the claims subject to the Litigation.

The Parties do not object to the jurisdiction of this Court over this action and waive their rights to a hearing and the entry of findings of fact and conclusions of law. Venue is proper in the U.S. District Court for the Northern District of Alabama, (Middle Division). The Parties agree that this Consent Decree is fair, reasonable, and does not violate the law or public policy. The Title VII and ADA rights of the Parties are protected adequately by this Consent Decree.

It is ORDERED, ADJUDGED AND DECREED:

1.     This Consent Decree resolves any and all claims contained in Charge Nos. 420-2012-01393; 846-2011-84149; 420-2012-00525; 420-2012-01187; 420-2012-01189; 420-2012-01191; 420-2012-01389; 420-2012-01391; 420-2012-

01414; 420-2012-02543 and all claims asserted by the Commission in Civil Action No. 4:16-cv-01848-ACA. This Consent Decree does not affect any other administrative charges that may be pending with the EEOC or any other cases pending in this or any other court.

2.      Defendants and its officers, agents, employees, successors, and assigns, both at the time this Consent Decree becomes effective and for the duration of this Consent Decree, shall comply with Title VII's prohibition against discrimination based on national origin and the ADA's prohibition against discrimination based on disability.

3.      Defendant shall enforce in its workplaces, without limitation, the anti-retaliation provisions of Title VII and the ADA.

4.      This Consent Decree shall be filed in the United States District Court for the Northern District of Alabama and shall continue to be in effect for a period of three (3) years from the date of entry of this Consent Decree. However, upon completion of the first 30 months and upon providing proof of the completion of the two (2) training sessions required under Paragraph 21 of this Consent Decree, Defendant may request the EEOC to shorten the term of the Consent Decree and thereafter the EEOC will agree to grant a waiver of the remaining six months of this Consent Decree. The parties will jointly request by motion the modification of this Consent Decree to be reduced to 30 months.

This Consent Decree and its terms herein shall apply to Defendants Labor Solutions, LLC and Labor Solutions of AL, LLC, and all employees of Defendants Labor Solutions, LLC and Labor Solutions of AL, LLC, including all recruiters, human resources personnel or officers who exercise control over recruiting or hiring employees for Defendants Labor Solutions, LLC and Labors Solutions of AL, LLC at their facilities and locations nationwide. Defendant alleges that East Coast Labor Solutions, LLC and East Coast Labor Solutions of WV, LLC are now defunct. However, if either, or both, entities resume business operations during the term of this consent decree, the terms of this consent decree will apply to Defendants East Coast Labor Solutions, LLC and East Coast Labor Solutions of WV, LLC and all employees of either or both entities, whichever the case may be, including all recruiters, human resources personnel or officers who exercise control over recruiting or hiring employees.

## I. NON-DISCRIMINATION

5.     Defendants and their officers, agents, employees, successors, and assigns, and all of those in active concert or participation with them, or any of them, are permanently enjoined for the duration of this Consent Decree from discriminating against an employee or applicant in violation of the ADA or Title VII. The prohibited practices include, but are not limited to, the following:

(a)     Refusing to provide a reasonable accommodation in accordance with the Americans with Disabilities Act, as amended;

(b)     Retaliating against any employee for asserting rights under the ADA or engaging in other activity protected by the ADA;

(c)     Subjecting any employee to adverse terms and conditions of employment, including harassment, because the employee is disabled under the ADA or based on the employee's national origin.

## II.  NON-RETALIATION

6.     Defendants and their officers, agents, employees, successors, assigns, and all those in active concert or participation with them, or any of them, are permanently enjoined from retaliating against any person because such person:

(a)     opposed any practice made unlawful under the ADA or Title VII;

(b)     contacted, or filed a charge of discrimination with, the Commission or a state agency in relation to the ADA or Title VII;

(c)     testified, assisted or participated in any manner in a workplace ADA-related or Title VII-related inquiry, investigation, proceeding, or hearing;

(d)     testified, assisted or participated in any manner in an EEOC or state agency ADA-related or Title VII-related investigation, proceeding, or hearing;

(e)     requested and/or received relief in accord with this Consent Decree;

(f)      participated in any manner in this action or in the EEOC investigation giving rise to this action;

(g)      asserted any rights under the ADA, Title VII, or this Consent Decree.

Defendants further shall not coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or because of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by the ADA or Title VII.

### III.  MONETARY RELIEF

7.      Within 30 days of the entry of this Consent Decree, Defendants shall pay to the Claimants the total aggregate sum of four hundred and seventy-five thousand dollars ($475,000), which represents back pay, compensatory, punitive and all other recoverable damages. Twenty-five percent (25%) will be specified as wages and seventh-five percent (75%) as non-wage payments for alleged emotional distress damages.

8.      The specific payment amount for each Claimant shall be determined by the EEOC and communicated in writing to Defendant Labor Solutions of AL, LLC prior to disbursement of any funds. The checks shall be mailed directly to the Claimants via Certified U.S. Mail.

9.     Upon EEOC's request, Defendants shall provide information and data not already provided to EEOC necessary to make award determinations. Defendants will respond to all EEOC requests for information relating to the Claimants within fourteen (14) days of the receipt of the request, or as soon as practicable, by providing all responsive documents and information available to Defendants.

10.    At the same time it mails the checks, Defendant Labor Solutions of AL, LLC shall mail a copy of each check to the attention of Plaintiff's Regional Attorney, Equal Employment Opportunity Commission, Birmingham District Office, Ridge Park Place, 1130 22nd Street South, Suite 2000, Birmingham, AL 35205. Defendant Labor Solutions of AL, LLC will issue applicable United States Internal Revenue Service forms to each Claimant for all such payments within the time allowed by law.

11.    Receipt of payment pursuant to this Consent Decree shall not be conditioned on any Claimant's agreement to (a) maintain as confidential the terms of this Consent Decree, or (b) waive his or her statutory rights to file a charge of discrimination unrelated to the claims and allegations underlying this Complaint with the Plaintiff or any state or federal agency that enforces employment-related anti-discrimination laws.

## IV.  PERSONNEL MATTERS

12.    Within thirty (30) days of the effective date of this Consent Decree, Defendant Labor Solutions of AL, LLC shall convert the basis and designation of each Claimant's separation of employment from "termination" to "voluntary resignation." The conversion shall be reflected in Defendant Labor Solutions of AL, LLC's documents, records, and files (electronic or otherwise), including personnel files, with the removal/expungement of any documents and information reflecting that Claimants were terminated or discharged. All of Defendant Labor Solutions of AL, LLC's documents, records, and files (electronic or otherwise), including Claimants' personnel files, shall be changed to reflect that they "voluntarily resigned" his or her position with Defendant Labor Solutions of AL, LLC.  In the event Defendant Labor Solutions of AL, LLC is contacted by third-party employers seeking information regarding Claimants' employment with Defendant Labor Solutions of AL, LLC, it shall state only their period of employment and his or her positions and rates of pay while employed by Defendant Labor Solutions of AL, LLC.

13.    Defendant Labor Solutions of AL, LLC shall maintain a confidential file containing Claimants' written allegations, if any, against Defendants, and all documents generated by or associated with the investigation of these allegations, and related to his charge of discrimination filed with the Commission. Nothing related to Claimants' allegations of national origin or disability discrimination shall be

maintained in his or her personnel file or any file referenced or used to respond to third-party employer inquiries. Defendants shall not disclose the contents of said confidential file, in whole or in part, to any third-party, except when and where required by applicable statute, rule, regulation, or by an authorized local, state or federal agency, or by a court of competent jurisdiction, or for accounting, tax, requisite government agency reporting, insurance and/or reinsurance purposes.

## V.  POLICIES AND PROCEDURES

14.    Defendants Labor Solutions, LLC and Labor Solutions of AL, LLC shall develop, implement, and otherwise maintain updated anti-discrimination and retaliation policies and procedures and disseminate such policies and procedures to all their employees, supervisors, and managers nationwide within ninety (90) days of the effective date of this Consent Decree.  The policies and procedures shall, at a minimum, include the following:

A.    A statement that each Defendant is committed to the following: preventing discrimination based on national origin in its workplace; engaging in the interactive process with employees who have disabilities; conducting prompt, good faith investigations of allegations, reports and complaints of discrimination; taking prompt corrective and remedial action when it determines discrimination to have occurred; and taking steps to ensure that victims of, and witnesses to, discrimination are not subjected to retaliation;

B.     A provision for the training of employees during onboarding, as well as for supervisors and managers on (i) how to prevent, recognize and address discrimination based on national origin and disability, (ii) employee, supervisor, and manager rights and obligations under Title VII, and (iii) employee, supervisor, and manager rights and obligations under the ADA.

C.     A procedure for employees to report actual or perceived discrimination based on national origin and disability, including how, and to whom, employees, supervisors, and managers may report discrimination based on national origin and disability;

D.     A procedure for each Defendant to conduct lawful, prompt, non-harassing, victim-sensitive, good-faith investigations into known, or reported, retaliation;

E.     Assurance that each Defendant shall protect the confidentiality of discrimination complainants, victims, and witnesses based on national origin or disability discrimination to the extent reasonably permitted by law, including not disclosing the identities of complainants, victims and witnesses, or their allegations, except on a  need-to-know basis, or when and where required by applicable statute, rule, regulation, or by an authorized local, state, or federal agency, or by a court of competent jurisdiction, or for accounting, tax, requisite agency reporting, insurance, and/or reinsurance purposes;

F.     A procedure for documenting and recording allegations, complaints and reports of discrimination based on Title VII, ADA, and/or retaliation;

G.     A procedure for maintaining and retaining all documents, electronic recordings, and other physical evidence and information generated by, involving or relating to allegations, complaints and reports of discrimination based on Title VII and ADA issues;

H.     A procedure for maintaining and retaining all documents, electronic recordings, and other physical evidence and information generated by, involving or relating to the investigation of workplace discrimination based on Title VII and the ADA;

I.     A provision mandating disciplinary action, up to and including termination, against employees, supervisors, and managers who engage in discrimination based on Title VII or the ADA against employees, supervisors and managers who engage in activity protected by either Title VII or the ADA;

J.     A provision in all relevant written position descriptions that makes implementation of, and compliance with, each Defendant's anti-discrimination and national origin policies and procedures, and disability-related policies and procedures a factor in each manager's and/or supervisor job performance;

K.    A provision that provides for disciplinary action, up to and including termination, of supervisors and managers who fail to implement or comply with Title VII, the ADA and each Defendant's retaliation policies and procedures.

15.  Defendants Labor Solutions, LLC and Labor Solutions of AL, LLC shall send a copy of the policies and procedures required by this Consent Decree to the attention of the Regional Attorney of the Birmingham District Office, U.S. Equal Employment Opportunity Commission, within 120 calendar days following the effective date of this Consent Decree, or thirty (30) calendar days following the first dissemination to employees, whichever date is sooner.

16.  Defendants Labor Solutions, LLC and Labor Solutions of AL, LLC shall provide a copy of the policies and procedures required by the Consent Decree to all new employees within three (3) days of their hire.

17.  Defendants Labor Solutions, LLC and Labor Solutions of AL, LLC shall post its policies and procedures required by this Consent Decree in English and Spanish in prominent locations frequented by employees at their headquarters as well as on the websites of Defendant Labor Solutions, LLC and Labor Solutions of AL, LLC.

## VII.  CORRECTIVE ACTION

18.   Defendants Labor Solutions, LLC and Labor Solutions of AL, LLC shall conduct lawful, prompt, non-harassing, victim-sensitive, and good-faith investigations into known or reported incidents/events of alleged discrimination based on national origin and disability.  During each investigation, and to the extent possible and reasonable, all identified and potential victims and witnesses must be interviewed, a review of all relevant documents and physical evidence must be conducted, victim and witness statements must be obtained and concurrent notes of all victim and witness interviews must be generated.   All documents created, generated, reviewed, or collected during the investigation shall be maintained in a confidential file during the pendency of this Consent Decree.

19.   If Defendants Labor Solutions, LLC or Labor Solutions of AL, LLC find or conclude that discrimination based on national origin or disability occurred, or is occurring in its workplace or at a facility where its employees are assigned to work, one or both of them as may be applicable  shall take immediate corrective action up to, and including but not limited to, imposing discipline on perpetrators of discrimination, and on supervisors, managers, and/or HR employees who fail to address known or reported discrimination based on national origin or disability, imposing mandatory training, and/or taking personnel actions. If the discrimination occurs at a third-party facility where Defendant's employees work, then reporting

the discrimination to the customer shall be undertaken by one or both of them as may be applicable. Defendants Labor Solutions, LLC or Labor Solutions of AL, LLC also shall notify the victim and/or complainants of the corrective action taken.

20.    Defendants Labor Solutions, LLC and Labor Solutions of AL, LLC shall maintain internally for the term of this Consent Decree all information generated or received that relates to any complaints made about discrimination based on national origin or disability. Defendants Labor Solutions, LLC or Labor Solutions of AL, LLC shall produce this information if requested by the Commission during the effective period of this Consent Decree.

## VIII.  TRAINING

21.    Defendants Labor Solutions LLC and Labor Solutions of AL, LLC shall provide training on the requirements of Title VII and the ADA on the following terms:

(a)    Within 90 calendar days of the effective date of this Consent Decree, Defendants shall provide training to all of their  recruiters, human resources personnel and officers who exercise control over recruiting or hiring employees for Defendants Labor Solutions, LLC and Labor Solutions of AL, LLC, and all supervisors and managers nationwide on employee and management rights and obligations under Title VII and the ADA, to specifically include prohibitions against discrimination based on national origin and disability, and on their policies and

procedures against discrimination based on national origin and disability. The training shall be repeated once during each 12 month period following the completion of the first training mandated by this Consent Decree, until the conclusion of this Consent Decree.

(b)     The training shall include a description and examples of types of behavior which alone, or combined with other behaviors, could constitute discrimination based on national origin or disability. The training shall explain the steps employees may take to report discrimination based on national origin and disability and contain assurances of confidentiality, to the extent permitted by law. In the event and to the extent applicable and statutory law regarding discrimination based on national origin or disability is revised, supplemented and/or amended by Congress during the period said training is to be conducted, Defendants Labor Solutions LLC and Labor Solutions of AL, LLC shall, within thirty (30) calendar days following any such changes, modify said training to the extent necessary to be consistent and in compliance with current law.

(c)     At a minimum, the training shall cover:

(I)     Title VII and recent developments in Title VII law, and specifically including the topic of national origin discrimination;

(II)     Title VII's prohibition against applying more stringent terms and conditions of employment upon employees based on their national origin;

(III)   Examples of Title VII discrimination, including specific examples of national origin discrimination;

(IV)   The legal requirements of the ADA;

(V)   The definition and examples of a reasonable accommodation under the ADA and the interactive process as it relates to a request for a reasonable accommodation;

(VI)   Available resources for determining and identifying reasonable accommodations and procedures for providing reasonable accommodation to individuals with disabilities;

(VII) Prohibition against retaliation and coercion against employees who engage in activity protected based on Title VII or the ADA;

(VIII) Confidentiality provisions of the ADA and Defendants' Labor Solutions LLC and Labor Solutions of AL, LLC's internal ADA policy and procedures. The training also shall explain the steps employees should take to address requests for reasonable accommodations to individuals with disabilities.

(d)   Each annual training session shall last ninety (90) minutes, and Defendant shall generate a registry containing signatures of all persons in attendance at each training session. Each registry and all training materials shall be retained by Defendants Labor Solutions LLC and Labor Solutions of AL, LLC for the duration of the Consent Decree.

(e)     Within thirty (30) days following each training session, copies of the registry described in this section shall be sent by certified mail to the EEOC Birmingham District Office, to the attention of the Regional Attorney, Equal Employment Opportunity Commission, Birmingham District Office, Ridge Park Place, 1130 22nd Street South, Suite 2000, Birmingham, Alabama 35205.

(f)     During the term of the Consent Decree, Defendants Labor Solutions LLC and Labor Solutions of AL, LLC shall provide this training, in English and Spanish, to temporary employees during their onboarding, covering the areas described in subparts (I through VIII) above, within thirty (30) calendar days after the employee's hire.

### IX.  POSTING OF NOTICE

22.     Within thirty (30) calendar days after entry of this Consent Decree, Defendants Labor Solutions LLC and Labor Solutions of AL, LLC shall post 8½-inch-by-11-inch sized copies of the Notice attached as **Exhibit A** the Consent Decree (in English and Spanish) on all bulletin boards, including electronic bulletin boards, and any other locations required by federal and/or state law or notices of employment-related policy or practice changes to employees. Defendants Labor Solutions LLC or Labor Solutions of AL, LLC shall send by certified mail a copy of the signed Notice, and a written certification by the Chief Executive Officer of the date(s) and location of its posting, to the attention of the Regional Attorney of

Plaintiff's Birmingham District Office, at the address set forth above, within ten business (10) calendar days of the posting.  Defendants Labor Solutions LLC and Labor Solutions of AL, LLC shall take all reasonable steps to ensure that the posting is not altered, defaced, covered by any other material, or removed.  Should the posted copy become altered, defaced, covered or removed, or become otherwise illegible, Defendants Labor Solutions LLC and Labor Solutions of AL, LLC shall re-post promptly a legible copy in the same manner as heretofore specified.  The posted Notice shall be the same type, style and size as the printing on Exhibit A, shall bear the signature of the Chief Executive Officer of Defendant Labor Solutions, LLC, and shall be posted in paper format in prominent locations frequented by employees and on Defendant Labor Solutions, LLC's website.

## X.  DISPUTE RESOLUTION

23.    In the event that the Commission believes during the term of this Consent Decree that Defendants have failed to comply with any provision(s) of the Consent Decree, the Commission shall notify Defendants of the alleged non-compliance and shall provide Defendants ten (10) calendar days thereafter to remedy the non-compliance or to satisfy the Commission the alleged non-compliance is not well founded. If Defendants have not remedied the alleged non-compliance or satisfied the Commission that it has complied within ten (10) calendar days, the Commission may apply to the Court for appropriate relief.

## COSTS AND ATTORNEY FEES

24.  The Defendants shall bear their own attorney's fees and costs incurred in this action.

## XI.   DURATION OF THIS CONSENT DECREE

25.     The duration of this Consent Decree shall be thirty-six (36) months from the date of its entry by the Court unless as described in Provision 4 *infra*. This Court shall retain jurisdiction over this action for the duration of the Consent Decree, during which time the Commission may petition this Court for compliance with this Consent Decree.   Should the Court determine that Defendants have not complied with this Consent Decree, the Court may order appropriate relief, including but not limited to, the extension of this Consent Decree for such a period as the Court deems necessary.   Absent extension by order of the Court, this Decree shall expire by its own terms at the end of three years (3) or thirty months as provided above, from the date of entry without further action by the Parties.

The Parties agree to the entry of this Consent Decree subject to final approval by the Court.

## APPROVED AND CONSENTED TO:

## ON BEHALF OF PLAINTIFF EEOC:

MARSHA L. RUCKER
Regional Attorney

GERALD MILLER
Supervisory Trial Attorney

GINA PEARSON
Trial Attorney

KURT FISCHER
Trial Attorney/Lead Counsel

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

**ON BEHALF OF DEFENDANT:**

Authorized Representative
Labor Solutions of AL, LLC

Authorized Representative
Labor Solutions LLC

Authorized Representative
East Coast Labor Solutions, LLC

Authorized Representative
East Coast Labor Solutions of WV, LLC

Gerald L. Maatman, Jr.
Attorney for Defendants


IT IS SO ORDERED.

2.19.19
DATE

U. S. DISTRICT COURT JUDGE

**"EXHIBIT A"**

**NOTICE TO ALL EMPLOYEES**

It is unlawful under Title VII of the Civil Rights Act 10 1964, *as amended*, ("Title VII") to discriminate against an employee on the basis of national origin. It also is unlawful under the Americans with Disabilities Act ("ADA") to discriminate against an employee on the basis of a disability or perceived disability.

If you believe you or any other person has been subjected to national origin or disability discrimination during the course of your employment you may contact the EEOC for assistance.

Title VII prohibits an employer from failing or refusing to hire or discharging an employee with respect to that employee's compensation, terms, conditions or privileges of employment because of that employee's race, color, religion, sex, or national origin.

The ADA requires employers to provide a reasonable accommodation, which would allow an employee with a disability to perform the essential functions of the job if the employee is a (1) qualified individual with a disability and (2) the employer knew about the disability.

Moreover, both Title VII and the ADA protect you from discrimination by your employer for (1) opposing discriminatory practices made unlawful by Title VII, (2) filing a charge or assisting or participating in the filing of a charge of discrimination under Title VII, or (3) assisting or participating in an investigation or proceeding brought under Title VII or the ADA.

If you believe you or any other person is being discriminated or retaliated against in violation of Title VII or the ADA, you may contact the Human Resources Department, any Company manager, or the EEOC for assistance. The address and telephone number of the Equal Employment Opportunity Commission is:

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Birmingham District Office**
**1130 22nd Street South, Suite 2000**
**Birmingham, Alabama 35205**
**(205) 212-2000**

**DO NOT REMOVE THIS NOTICE!**
